HAMILTON v. PIZA.

(Supreme Court, Appellate Division, First Department.  July 31, 1896.)

JURY—RIGHT TO TRIAL BY—ACTION INVOLVING ACCOUNTING.
   Where the judgment demanded in a complaint is for an amount which must be determined after an accounting, the cause is triable at special term without a jury.

Appeal from special term, New York county.

Action by William H. Hamilton, as assignee for the benefit of creditors of Washington Belt, Elliot L. Butler, and Theophilus Jowett, partners trading under the firm name of Belt, Butler & Co., against Joshua Samuel Piza, for an accounting under a contract between the parties, and to recover judgment for such sum as might be found due on the account.    From an order striking the cause from the special term calendar, plaintiff appeals.    Reversed.

The complaint alleged that on the 19th day of February, 1893, plaintiff's assignors, composing the firm of Belt, Butler & Co., entered into a certain agreement with defendant to form a corporation to be known as the New York Fur-Cutting Company, which company was duly organized, and proceeded to carry on its business; that plaintiff's assignors, pursuant to the agreement, furnished all the money necessary for the corporation to carry on its business; that under the agreement, defendant, at the expiration of two years from the date thereof, was to take by assignment two-fifths of the debts of the company which might then be existing in favor of Belt, Butler & Co., reimbursing them to that extent; that the New York Fur-Cutting Company continued to carry on its business until January, 1895, when its factory was destroyed by fire; that on May 3, 1895, defendant procured an order of

court to show cause why a receiver for the New York Fur-Cutting Company should not be appointed; that thereafter Samuel W. Millbank was appointed receiver; that plaintiff caused a statement to be prepared of the moneys furnished by Belt, Butler & Co., pursuant to the terms of the agreement showing that the amount of the debts of the New York Fur-Cutting Company then existing in favor of Belt, Butler & Co. amounted to $195,758.70, and that plaintiff, on March 3, 1896, presented a copy of such statement to defendant, and presented to him an assignment in writing of two-fifths of said debts, with a request that he would accept the same, and pay plaintiff two-fifths of said sum, which he refused to do, and that the firm of Belt, Butler & Co., and plaintiff, as their receiver, have duly performed all the terms and conditions of the agreement, and that defendant has failed to perform his part of said agreement. The complaint demanded judgment against defendant: "(1) That an account be taken and stated of the amount furnished by plaintiff's assignors by loan in amount current during the time mentioned in the agreement hereto annexed, marked 'Exhibit I,' for the proper management of the business of said New York Fur-Cutting Company, and that the amount of the debts of the New York Fur-Cutting Company which existed in favor of plaintiff or his assignors on February 19, 1896, be determined. (2) That the amount of the debts due by the New York Fur-Cutting Company on the said February 19, 1896, on the responsibility of the defendant, be determined. (3) That the amount of two-fifths of the debts of the said New York Fur-Cutting Company which existed in favor of the plaintiff or his assignors on February 19, 1896, after deducting any debts due by the said company on the responsibility of the defendant, be determined. (4) That the defendant be directed to pay to the plaintiff the amount so determined to be due by him, with interest thereon from February 19, 1896, upon the assignment to him of two-fifths of the debts of the said New York Fur-Cutting Company which existed in favor of the plaintiff or his assignors on the said February 19, 1896, together with a two-fifths interest in the securities, collaterals, and other rights or liens which plaintiff or his assignors may have to secure the said debts of the said New York Fur-Cutting Company to plaintiff or his assignors. (5) That plaintive have judgment against the defendant for the amount so determined to be due plaintiff by the defendant, with interest and the costs of this action."

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

R. S. Ransom, for appellant.

E. E. Baldwin, for respondent.

PER CURIAM. This cause was properly upon the equity calendar. The issues joined were such as could not be tried by a jury. It specifically appeared that the action was not to recover damages to be assessed or ascertained only by a jury in the ordinary way, but judgment was demanded in the complaint against the defendant for an amount which must be determined to be due to the plaintiffs after an accounting, which accounting was also prayed for of all the amounts of loans furnished by the plaintiffs' assignors under and pursuant to an agreement for the management of the business of a corporation, and of the amount of the indebtedness of the corporation existing in favor of the plaintiffs' assignors, and judgment is asked for the application of moneys to be found due on an accounting to the payment of the indebtedness provided for under the terms of the contract annexed to the complaint. The accounting lies at the very foundation of the action, and it was error to refuse to try the cause at special term.

The order must be reversed, with costs, and the cause restored to the special term calendar for trial.